| | | | |
|---|---|---|---|
| Case No. | **CV 11-09031 DMG (PLAx)** | Date | November 8, 2011 |

| | |
|---|---|
| Title | *Edwin Williams v. Takeda Pharmaceuticals North America Inc., et al.*  Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE NORTHERN DISTRICT OF OKLAHOMA**

Before the Court is a complaint filed by Plaintiff Edwin Williams. The complaint raises claims for negligence, failure to warn, defective design, breach of warranty, unfair competition, Cal. Bus. & Prof. Code § 17200 *et seq*., and false and misleading advertising, Cal. Bus. & Prof. Code § 17500, arising out of Defendants' production and marketing of drugs that allegedly cause bladder cancer. Based on the allegations of the complaint, Plaintiff resides in Spavinaw, Oklahoma, and Defendants are based in Deerfield, Illinois, San Diego, California, and Japan.

The parties are hereby **ORDERED TO SHOW CAUSE** why this action should not be transferred to the United States District Court for the Northern District of Oklahoma for the convenience of the parties and witnesses, and in the interest of justice. *See* 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

(1) Whether this action could have been brought in the Northern District of Oklahoma;

(2) Whether venue is appropriate in the Northern District of Oklahoma;

(3) What contacts, if any, each of the parties has to the Central District of California and to the Northern District of Oklahoma. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

  (4)  What connection Plaintiff's causes of action have to the Central District of California and to the Northern District of Oklahoma;

  (5)  Which witnesses are expected to be called and where they reside;

  (6)  The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Northern District of Oklahoma;

  (7)  The ease of access to sources of proof in each of the two forums;

  (8)  The expected difference in the cost of litigation in the Central District of California as compared to the Northern District of Oklahoma; and

  (9)  Whether there are any alternative forums, other than the Central District of California or the Northern District of Oklahoma, that would be more convenient for this action and why, keeping in mind the inquiries above.

  Plaintiff shall file a response to this Order, in writing not to exceed 15 pages, no later than **November 23, 2011**. Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Failure to timely respond to this Order may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**